UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-24010-JLK

DANIELLE NOTTAGE,
on behalf of J.L.N., a minor,

    Plaintiff,

v.

KILOLO KIJAKAZI,[1]
Commissioner of Social Security,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court on the August 29, 2022 Report and Recommendation of Magistrate Judge Jacqueline Becerra ("R&R") (DE 31). The Court has also considered Defendant's Objections to the R&R (DE 32) and Plaintiff's Response to Defendant's Objections (DE 33). The Court has carefully considered the R&R, the pertinent portions of the record, and is otherwise fully advised.

**I.    BACKGROUND**

As background, Plaintiff Danielle Nottage, on behalf of her minor child J.L.N., originally filed a claim for Supplemental Security Income ("SSI") before the Social Security Administration ("SSA") on November 6, 2017. DE 20. The SSA initially denied Plaintiff's claims on January 24, 2018 and denied them again upon reconsideration on July 20, 2018. *Id.* at 23, 83, 86, 96, 99.

---

[1] Although the case style originally listed Andrew Saul as Defendant, Kilolo Kijakazi is now the Commissioner of Social Security and is automatically substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

Thereafter, Plaintiff requested a hearing before the Administrative Law Judge (the "ALJ"), which was held on September 20, 2019, in Miami, Florida (the "Hearing"). *Id.* at 42. On November 14, 2019, the ALJ denied Plaintiff's application. *Id.* at 36.

Pursuant to 42 U.S.C. §§ 405(g), Plaintiff appealed the ALJ's decision in the above-styled action. *See* Compl., DE 1 at 1.[2] Plaintiff filed her Motion for Summary Judgment in this Court on July 15, 2021, on behalf of her minor son J.L.N. ("Plaintiff's Motion"), seeking reversal of the decision of the Commissioner denying Plaintiff's eligibility for disability benefits under Title XVI of the Social Security Act, and an award of benefits, or, in the alternative, remand for further administrative proceedings. DE 21. Then, Defendant filed her Motion for Summary Judgment with Supporting Memorandum of Law on August 16, 2021 ("Defendant's Motion"), arguing that the correct legal standards were applied, and the ALJ's decision is supported by substantial evidence. DE 22, 23.

Magistrate Judge Becerra held a hearing on the Cross Motions on August 25, 2022. DE 30. Judge Becerra then issued a Report and Recommendation on August 29, 2022, recommending that Plaintiff's Motion for Summary Judgment be GRANTED, and Defendant's Motion for Summary Judgment be DENIED, and the matter be remanded to the ALJ for further proceedings. *See generally* R&R.

## II.     LEGAL STANDARD

Taking into consideration Defendant's objections, the Court reviews the R&R de novo. 28 U.S.C § 636(b)(1). A de novo review requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*

---

[2] This action was automatically referred to Magistrate Judge Jacqueline Becerra on September 30, 2020. DE 2.

*of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 U.S. Dist. LEXIS 151845, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 U.S. Dist. LEXIS 117862, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (*quoting Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015).

Judicial review of an ALJ's final decision is limited to whether there is substantial evidence in the record to support the ALJ's findings, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a mere scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing *Richardson*, 402 U.S. at 401).

### III.   DISCUSSION

The R&R recommends granting Plaintiff's Motion for Summary Judgment because the ALJ's decision was not supported by substantial evidence. *See generally* R&R. Specifically, the R&R reasons that although an ALJ can rely on a non-examining physician to support their functional assessment, the ALJ's reliance here warrants remand; and the ALJ failed to adequately address Plaintiff's IQ. *Id.* at 10, 18. Defendant objects to the R&R arguing that the ALJ was not required to evaluate the comments about the record at the initial and reconsideration level and that the ALJ considered J.L.N.'s IQ score when evaluating the evidence. However, the Court finds that Defendants objections were all raised and addressed at oral argument and in the R&R and should be denied.

**1. The ALJ's Relance on the Non-Examining Physician to Support Their Functional Assessment Warrants Remand**

As an initial matter, a claimant (Plaintiff) has the burden of proving his disability and is responsible for providing evidence in support of his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). However, "[b]ecause a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Larry v. Comm'r of Soc. Sec.*, 506 F. App'x 967, 969 (11th Cir. 2013) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). In fulfilling her duty to conduct a full and fair inquiry, the ALJ is not required to obtain additional information unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007); *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988). "In evaluating the necessity for a remand, [courts] are guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir.

1995) (internal quotation marks omitted). Such gaps exist when omitted medical records are relevant to the applicant's claim of disability and the missing evidence might sustain the contention of an inability to work. *See id.* at 935–36.

Defendant objects to the R&R arguing that the record was developed at the time of the ALJ's decision, and that the R&R fails to address any gaps in the record. DE 32 at 2-9. Specifically, Defendant argues that the need for a consultative examination at the initial or reconsideration level is not a prior administrative medical finding and the ALJ did not need to evaluate the disability examiner's indication that a consultative examination was needed. *Id.* at 6. Defendant also objects stating that the record was sufficient for the ALJ to determine whether Plaintiff proved he was disabled and whether the state agency doctors opinions were persuasive. *Id.* at 7.

The R&R aptly notes that "although an ALJ can rely on a non-examining physician, the Court must still turn to whether the ALJ's findings in *this* case, which relied on these non-examining physician opinions, were supported by substantial evidence." R&R at 12. Here, the ALJ found the opinions of two state agency reviewers (the "Agency Opinions") to be "persuasive" and relied on those opinions in finding that J.L.N. was not disabled. DE 17 at 29.

However, the R&R reasons that the ALJ's finding is not supported by substantial evidence because the opinions that the ALJ relied on in making their determination note that further evaluation was necessary. R&R at 15 (citing *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citation omitted)). Further, the R&R also reasons that "the failure to articulate a basis for finding that the Agency Opinions are persuasive warrants remand." R&R at 18.

After careful review of the R&R, the record, and the pleadings, the Court finds that Judge Becerra's R&R accurately found that the ALJ's reliance on the non-examining physicians to support their assessment warrants remand. Further, these arguments were raised and addressed by

the Magistrate Judge in her R&R and at oral argument. The ALJ's failure to provide a basis for the finding that the two Agency Opinions are persuasive and the notation that further evidence is necessary warrant remand. The R&R correctly found that the findings in this case were not supported by substantial evidence.

### 2. The ALJ Failed to Adequately Address Plaintiff's IQ

Next, Defendant objects to The R&R's explaining that the only mention of J.L.N's IQ in the ALJ's Opinion is the acknowledgment that J.L.N.'s IQ score "fell in the extremely low range of functioning." DE 20 at 30. Defendant objects stating that the ALJ acknowledged that Plaintiff's IQ score fell in the extremely low range of functioning, however, under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00, the ALJ was required to consider the rest of the evidence, which Defendant claims she did here, in determining whether Plaintiff's limitations functionally equaled an IQ listing. DE 32 at 9. Defendant argues that Plaintiff has not shown that the ALJ's evaluation of the IQ score is based on an improper legal standard. *Id.*

Plaintiff argued in her Motion for Summary Judgment that the ALJ failed to adequately consider all record evidence, specifically J.L.N's IQ score. R&R at 18. Courts within the Eleventh Circuit have found an ALJ's failure to consider the intellectual disability listing where a claimant's IQ satisfies the criteria to be error warranting remand. *See, e.g., Castro v. Berryhill*, No. 15-cv-1396, 2017 WL 1050074, at *4 (M.D. Fla. Mar. 20, 2017).

The R&R explains that the only mention of J.L.N's IQ in the ALJ's Opinion is the acknowledgment that J.L.N.'s IQ score "fell in the extremely low range of functioning." DE 20 at 30. However, the R&R notes that the ALJ did not make any finding as to whether she credited the IQ score. Instead, the ALJ simply cites to the IQ and then to other record evidence that does not address the issue of Plaintiff's low IQ. *Id*. The R&R concludes that "the ALJ's failure to adequately

discuss the IQ score, without crediting or discrediting the results, and without discussing the Agency Opinions' discrediting of the IQ score, is not supported by substantial evidence." R&R at 21.

After careful consideration of the record and the R&R, the Court finds that Magistrate Judge Becerra's well-reasoned R&R accurately states the law of the case. The Court finds that these arguments were already raised and considered in Judge Becerra's R&R and at oral argument and the R&R accurately found that the ALJ's failure to adequately discuss the IQ score, without crediting or discrediting the results, and without discussing the Agency Opinions' discrediting of the IQ score, is not supported by substantial evidence. Accordingly, the Court affirms that remand is required.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Magistrate Judge Jacqueline Becerra's Report and Recommendation **(DE 31)** be, and the same hereby is, **AFFIRMED AND ADOPTED** as an Order of this Court.
2. Plaintiff's Motion for Summary Judgment **(DE 21)** is hereby **GRANTED**;
3. Defendant's Motion for Summary Judgment **(DE 22)** is hereby **DENIED**;
4. This case is **REMANDED** to the ALJ for further administrative proceedings; and
5. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, final judgment in favor of Plaintiff will be set out in a separate Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 9th day of November, 2023.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record
      **Magistrate Judge Jacqueline Becerra**